**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY STENSTROM,** *Plaintiff,* <br><br> **v.** <br><br> **DELAWARE COUNTY, et al.,** *Defendants.* | **Civil No. 25-5399** |

**MEMORANDUM**

**Costello, J.** **August 19, 2026**

Plaintiff Gregory Stenstrom is a resident of Delaware County. He brings this action challenging the constitutionality of Delaware County Ordinance 2025-06 ("the Ordinance"), which establishes a local human relations committee empowered to investigate complaints of discrimination in the fields of employment, real estate, education, and medical care. Plaintiff brings his claims against Delaware County, the Delaware County Council ("the Council"), several individual Council members who voted for the Ordinance, and one of the County's Deputy Solicitors (together, "Defendants"). Defendants moved to dismiss for lack of standing, lack of ripeness, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the Court will grant Defendants' motion.

## I. BACKGROUND

This motion comes to the Court on a somewhat unusual procedural posture. Plaintiff initiated this lawsuit prior to the passage of the Ordinance. *See* ECF No. 4 at 1-2. As Defendants explain, the Ordinance received a first reading at a meeting of the Council on August 20, 2025. *Id.* at 1. This reading did not result in passage of the Ordinance, "because Delaware County's Home Rule Charter requires ordinances to be read *twice* before they are adopted." *Id.* at 2 (citing

Del. Co. Charter § 411.b). At a subsequent agenda meeting, the Council decided not to add another reading of the Ordinance because it required further "substantive revision to meet its legislative aims." *Id.* Plaintiff filed suit challenging the Ordinance on September 14, 2025, at which point the Ordinance still had not been passed. *See generally* ECF No. 1; ECF No. 4 at 3.

Defendants moved to dismiss on September 24, 2025. *See generally* ECF No. 4. Defendants argue that (1) Plaintiff lacks standing to challenge the Ordinance because he is not regulated or otherwise injured by it; (2) Plaintiff's claims are not ripe because the Ordinance was not passed before he filed suit; and (3) Plaintiff fails to state claims upon which relief can be granted. *See id.* Plaintiff did not oppose the motion. On December 3, 2025, the Council passed the Ordinance, and the legislation took effect on January 1, 2026.[1]

Given that the Ordinance was enacted after Defendants filed this motion, Defendants' argument that Plaintiff's claims are not ripe is moot. Thus, the Court will first consider Defendants' standing arguments before turning to the merits, since standing is a threshold jurisdictional issue. *Wyrough & Loser, Inc v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) ("preliminary" jurisdictional issues "should be raised and disposed of before the court considers the merits").

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of standing because "standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the

---

[1] *See* Del. Cnty. Meeting Min. Dec. 03, 2025, https://delawarecopa.portal.civicclerk.com/event/35/files/attachment/1480 (showing Ordinance passed on December 3, 2025, and became effective January 1, 2026).

movant presents a facial or factual attack." *Qingdao Maxwell Com. & Trading Co., Ltd. v. Zero Techs., LLC*, 23cv4518, 2024 WL 1416604, at *2 (E.D. Pa. Apr. 2, 2024) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A motion filed before any answer or presentation of competing facts, as is the case here, is, "by definition, a facial attack." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

When reviewing facial attacks to standing, courts apply the standard for reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6). *In re Schering Plough Corp. Intron/Tedomar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Thus, "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Id.* at 244 (internal quotations omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient "factual content" to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully" and "and must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Article III of the Constitution limits the scope of federal judicial power to the adjudication of "Cases" or "Controversies." U.S. Const., art. III, § 2. The Supreme Court has interpreted the case-or-controversy requirement to include the requirement that "a litigant have

standing to invoke the power of the federal court." *In re Schering*, 678 F.3d at 244 (internal quotation marks omitted). "The standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation" of federal jurisdiction. *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)) (cleaned up). The plaintiff has the burden to establish standing by plausibly alleging the following elements: (1) an injury in fact which is (2) caused by the defendant and (3) redressable by a court order. *United States v. Texas*, 599 U.S. 670, 676 (2023); *accord Associated Builders & Contractors W. Pennsylvania v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 287 (3d Cir. 2023).

Plaintiff's sparse allegations concerning standing fail to show that he has suffered an injury in fact. Plaintiff claims he "has standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)." ECF No. 1 ¶ 14. This does not do the trick. *Lujan* stands for the proposition that there is no generalized standing for citizens to challenge laws with which they disagree and that plaintiffs must show a "concrete and particularized" injury. *Lujan*, 504 U.S. at 560.

Plaintiff's remaining allegations do not plausibly allege that he suffered such an injury. First, Plaintiff alleges he was "directly injured" by the Ordinance, "which restructures adjudicative access for county residents." ECF No. 1 ¶ 15. This is insufficient. By its plain terms, the Ordinance only applies to employers, landlords, medical professionals, and educational institutions who discriminate against their employees, tenants, patients, and students. *See* ECF No. 4 at 4-5; *see also* Del. Co. Ord. No. 2025-06 § 6-89(C)-(D). As Defendants point out, Plaintiff has not pleaded any facts suggesting he is an employer, landlord, medical professional, or educational institution to whom the Ordinance would apply. *See* ECF No. 4 at 5. It is unclear to the Court how Plaintiff could be injured by a piece of legislation that does not regulate any of his conduct. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("To establish

injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest[.]'") (quoting *Lujan*, 504 U.S. at 560).

Second, Plaintiff alleges he was "explicitly targeted" by the Council and that the Ordinance "was designed to obstruct Plaintiff's oversight activities." *Id.* ¶ 16. This allegation is too vague and speculative to plausibly allege an injury in fact. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Plaintiff does not allege any facts explaining how exactly the Ordinance would target his purported oversight activities rather than the discriminatory conduct it regulates. Rather, this claim is based entirely on Plaintiff's own unsupported speculation. *See* ECF No. 1 ¶¶ 20, 24 (alleging that the Ordinance "was introduced and championed by [Defendants] to obstruct litigation by pro se citizen watchdogs, including Plaintiff" and that the Ordinance "was enacted against [the] backdrop" of a "sustained campaign of lawfare" against Plaintiff).

Third, Plaintiff alleges that he faces "imminent injury" because he "will be forced into an unlawful, biased tribunal," which he describes as a "concrete, particularized" injury that is "traceable to Defendants and redressable by declaratory and injunctive relief." *Id.* ¶ 17. This allegation is no more than a legal conclusion and is therefore "not entitled to the assumption of truth." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

## IV. CONCLUSION

Plaintiff's failure to plausibly allege an injury in fact means he lacks standing to bring his claims challenging the Ordinance. The Court therefore lacks jurisdiction to reach the merits of his claims. The Court will accordingly grant Defendants' motion to dismiss. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge